UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WYATT BECKLER, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | ) CAUSE NO. 1:24-cv-00467-SLC |
| | ) |
| CITY OF FORT WAYNE, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## OPINON AND ORDER

Before the Court in this civil rights lawsuit is Defendants' motion to dismiss (ECF 20) and supporting brief (ECF 21), filed on December 17, 2024. In the motion, Defendants ask the Court to dismiss Plaintiffs' claims against Defendant Sharon Tucker ("Mayor Tucker")—in her individual and official capacity as Mayor of Fort Wayne, Indiana—and Defendant Fort Wayne Police Department ("FWPD"), under Federal Rule of Civil Procedure 12(b)(6). (*See* ECF 21 at 1). Defendants contend that the claim against Mayor Tucker, in her individual capacity, should be dismissed because she was not involved in the incident associated with this cause of action; further, the claim against Mayor Tucker, in her official capacity, should be dismissed because the claim is identical to that posed against Defendant City of Fort Wayne. (*See id*. at 4). Additionally, Defendants aver that the claim against FWPD should be dismissed because, in Indiana, municipal police departments do not have separate legal rights apart from the municipality in which they sit. (*See id*. at 6-7). Plaintiff filed a response in opposition to the motion on February 10, 2025, and Defendants filed a reply on February 17, 2025. (*See* ECF 33, 34). Thus, the motion is ripe for the Court's ruling.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

In this lawsuit, Estate Plaintiff Wyatt Beckler[1], along with Brookelynn Beckler, and Kole Beckler ("Plaintiffs"), seek to hold Defendants City of Fort Wayne, Mayor Tucker, Officer Andrew Fry, and FWPD (collectively, "Defendants") liable for alleged excessive and unreasonable conduct against decedent Wyatt Beckler ("Wyatt"). (*See generally* ECF 15). It is alleged in the amended complaint that FWPD knew Wyatt had long-standing mental health problems, including severe depression, suicidal tendencies, self-harm, and hallucinations. (*See id.* ¶ 11). FWPD Officers visited Wyatt's residence regarding his mental health issues multiple times before November 2, 2022, and FWPD transported Wyatt to receive mental health care on an emergency basis more than once. (*See id.*). Plaintiffs further allege that on November 2, 2022, at approximately 1:00pm, FWPD received an anonymous 911 call in which the unidentified caller reported a white man in a blue hoodie-type sweatshirt had a gun and made threats at 410 Poplar Street, Fort Wayne, Indiana. (*See id.* ¶ 12). However, the caller was unable to answer the 911 operator regarding who the suspect was or what direction the suspect went when he left the location. (*See id.*). Based on the anonymous call, Officer Fry was sent to the scene, in his police commissioned vehicle, to search for an armed and dangerous white male wearing a blue hooded sweatshirt, in the nearby neighborhood. (*See id.* ¶ 15).

Subsequently, Officer Fry found Wyatt near the corner of Hoagland Street and Poplar Street, wearing a blue hooded sweatshirt. (*See id.* ¶ 16). Officer Fry stopped his police commissioned automobile some distance behind Wyatt on Hoagland Street, opened the driver's door, and in a loud voice said, "[h]ey, let me see your hands real quick. Come back here". (*Id.*). In the next 4 seconds Officer Fry exited the vehicle, and while standing behind the door, repeated

---

[1] The Estate of Wyatt Beckler is a duly created estate pending in the probate division of the Allen Superior Court and administered by personal representative, Brookelynn Beckler, the mother of decedent Wyatt Beckler. (*See* ECF 15 ¶ 1).

the command to show hands. (*See id*.). Officer Fry then unholstered and pointed his pistol at Wyatt. (*See id*.). Wyatt then turned and walked northbound on Hoagland Street without responding to Officer Fry. (*See id.* ¶ 17). Subsequently, Officer Fry returned to his vehicle, exchanged his pistol for a long gun, pulled the vehicle forward a short distance on Hoagland Street, again exited the vehicle, and stood behind the driver's door, chambering a round and pointing his long gun at Wyatt's back. (*See id.* ¶ 18). Officer Fry then yelled, "let me see your [expletive] hands now". (*Id.*). A command to show hands was repeated by Officer Fry, to which Wyatt complied, removing his hands from his pockets and raising them shoulder length high. (*See id.* ¶ 19). Officer Fry then commanded Wyatt to walk back toward him, to which Wyatt also complied. (*See id.*). Next, Officer Fry commanded Wyatt to turn away from him and continue walking toward him, along with a command—repeated four times—that Wyatt get on his knees. (*See id.* ¶ 20).

Using his left hand, Officer Fry removed a stun gun from his utility belt while holding the long gun with his right hand. (*See id.*). Wyatt stopped moving and remained facing away from Officer Fry. (*See id.*). Officer Fry remained behind the open door of his automobile and loudly said, "get on your knees, dude[,]" however Wyatt continued to stand, facing away from Officer Fry, and made movements suggesting he was trying to grab something from his waist area. (*Id*. ¶ 21). Thereafter, Officer Fry dropped the stun gun and leveled the long gun with both hands, shooting Wyatt three times in the back. (*See id.*).[2] Having heard the gun shots from their nearby residence, Wyatt's mother, Brookelynn, and brother, Kole, proceeded to the scene and witnessed Wyatt lying on the ground, mortally wounded. (*See id.* ¶ 22). Resultingly, Brookelynn and Kole have required mental health care. (*See id.*).

---

[2] The amended complaint indicates that the entire interaction between Officer Fry and Wyatt—from the first time Officer Fry stopped his vehicle to the shooting of Wyatt—took place in approximately one and a half minutes. (*See id.* ¶ 23).

On November 4, 2024, Plaintiffs filed a complaint in this Court against Defendants, succeeded by an amended complaint, containing two substantive claims. (*See* ECF 1, 15). First, Plaintiffs sue Officer Fry, City of Fort Wayne, Mayor Tucker, and FWPD under 42 U.S.C. § 1983 for excessive force. (*See* ECF 15 ¶¶ 24-54).[3] Plaintiffs assert that the Section 1983 claim is "against the City of Fort Wayne and Tucker individually and as Mayor, to redress the deprivation under color of state law of Wyatt Beckler's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution." (*Id*. ¶ 40). Plaintiffs also claim that City of Fort Wayne maintained policies, customs, or practices that violated Section 1983. (*Id*. ¶¶ 43-49). Second, Plaintiffs filed a claim under 42 U.S.C. § 12132 averring "Defendants['] violations under [T]itle II of the Americans [w]ith Disabilities Act resulted in the death of Wyatt . . . [,] during the course of the . . . incident[,] and resulting damages to [Plaintiffs]." (*Id.* ¶ 59). In support of this claim, Plaintiffs state that "FWPD knew or should have known from their prior dealings with Wyatt . . . in police calls to 410 Poplar Street Fort Wayne, Indiana that he was disabled." (*Id.* ¶ 57). Furthermore, Mayor Tucker and City of Fort Wayne "failed to train, supervise, and or discipline FWPD officers: . . . to recognize symptoms of disability under Title II of the American [w]ith Disabilities Act; from excluding qualified individuals such as Wyatt Beckler from participation in or denial of benefits of services provided by Defendants;" and committing other discrimination in violation of the Americans with Disabilities Act ("ADA"). (*Id.* ¶ 58).

Consequently, Plaintiffs seek attorney's fees and litigation costs under 42 U.S.C. § 1988, along with general damages, special damages, compensatory damages, punitive damages, injunctive relief, attorney's fees pursuant to 42 U.S.C. § 12132 *et. seq* and other applicable

---

[3] Plaintiffs' Section 1983 claim against City of Fort Wayne and Mayor Tucker—individually and officially—relies on *Monell v. Dept of Soc. Servs*., 436 U.S. 658 (1978), stating "the [United States] Supreme Court held that a local governing body or municipality may be named as a defendant under 42 [U.S.C.] § 1983." (*Id.* ¶ 41).

4

statutes, damages allowed under 42. U.S.C. § 12132 *et. seq*, declaratory judgment, costs, and any other relief available in the circumstances. (*See id.* at 11-13).

## II.    LEGAL STANDARD

a.   *Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011) ("While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 554). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (citations omitted).

b.   *Section 1983*

"Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States . . . ." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (citation omitted). "Whereas in an official capacity suit the plaintiff alleges that the defendant was party to the execution or implementation of official policy or conduct by a government because the real party in interest is

5

the entity, an individual capacity suit focuses on the constitutional torts of an individual official." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). "To establish *personal* liability in a Section 1983 action, 'it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.'" *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *but see Kelly v. Mun. Cts. of Marion Cnty., Ind.*, 97 F.3d 902, 909 (7th Cir. 1996) ("A defendant will not be [personally] liable for a constitutional violation under § 1983 if the defendant merely exercised supervisory authority over those who violated the plaintiff's rights and otherwise failed to participate in any violation of the plaintiff's rights. In order for a defendant to be held liable under § 1983, the plaintiff must establish that the defendant was personally involved or acquiesced in the alleged constitutional violation." (citation omitted)).

"However, . . . [in] an official capacity suit, . . . the action alleged to be under color must be linked with the entity's policy or custom." *Hill*, 924 F.2d at 1372 (collecting cases). Unlike personal action suits, "[o]fficial-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Graham*, 473 U.S. at 165 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)); *see McMillan v. City of Chicago*, No. 92 C 3327, 1993 WL 112555, at *4, n.1 (N.D. Ill. Apr. 9, 1993) (stating that when a plaintiff sues a municipality official in their official capacity, the "official-capacity claims must be treated in all respects as claims against the [city], of which [the] defendant[] [is an] agent[]." (citing *Graham*, 473 U.S. at 165–66)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is . . . . *not* a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 3105 (internal citation omitted); *see also Ball v. City of Muncie*, 28 F. Supp. 3d 797, 802 (S.D. Ind. 2014) ("Accordingly, because the City of Muncie is the real party in interest here, the official-capacity claims against [Mayor] Dennis Tyler shall be dismissed as duplicative of the claims against the City of Muncie." (citation omitted)). "Thus, while an award of damages

6

against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Graham*, 473 U.S. at 166 (footnote omitted).

Section 1983 states that "[e]very *person* who . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). The Supreme Court has clarified that, for the purposes of Section 1983, a "person" includes a "local government" entity, who may be sued in its official capacity. *Monell*, 436 U.S. at, 694-95 (referencing 42 U.S.C. § 1983). The proper calculus in determining an entity's status as a person "depend[s] on an analysis of state law." *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 786 (1997) (citations omitted). The Seventh Circuit Court of Appeals has expounded on the proper analysis, as it relates to the State of Indiana, stating:

> Under Indiana law, a "[m]unicipal corporation" is a "unit, . . . or other separate local governmental entity that may sue and be sued." Ind. Code § 36–1–2–10. A "'[u]nit' means county, municipality, or township," Ind. Code § 36–1–2–23, and a "[m]unicipality" is a "city or town," Ind. Code § 36–1–2–11. Thus, the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued. *See Martin v. Fort Wayne Police Dep't*, 2010 WL 4876728, at *3 (N.D. Ind. 2010).

*Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (alterations in original) (agreeing with the district court that two municipal police departments in Indiana were not suable entities under Section 1983); *see Martin*, 2010 WL 4876728, at *3 ("[U]nder Indiana law . . . the Fort Wayne Police Department has no separate legal existence apart from the City of Fort Wayne . . . [and] is not a suable entity under § 1983." (footnote omitted)).

c.  *Title II of the ADA*

"The ADA is organized into three titles prohibiting discrimination across three major spheres of public life: employment (Title I); public services, programs, and activities (Title II);

and public accommodations (Title III)." *Lacy v. Cook Cnty., Illinois*, 897 F.3d 847, 852 (7th Cir. 2018). "The primary mandate of Title II is that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Id*. (quoting 42 U.S.C. § 12132). The ADA defines "public entity" to include "'any State or local government' and 'any department, agency, . . . or other instrumentality of a State[.]'" *United States v. Georgia*, 546 U.S. 151, 154 (2006) (citing 42 U.S.C § 12131(1)). "Title II authorizes suits by private citizens for money damages against public entities that violate § 12132." *Id.* (citing 42 U.S.C. § 12133). Therefore, an "ADA claim[] against individual defendants in their individual capacity [will] fail because the Act authorizes suits only against public entities . . . ." *Brewer v. Wisconsin Bd. of Bar Examiners*, 270 F. App'x 418, 421 (7th Cir. 2008) (citing 42 U.S.C. §§ 12131–12133); *see Georgia*, 546 U.S. at 154. Lastly, the Seventh Circuit Court of Appeals has found where a public official is a defendant in an ADA claim, and the complaint also includes the governing agency, the proper defendant is the governing agency. *See Jaros v. Illinois Dep't of Corr*., 684 F.3d 667, 670 n.2 (7th Cir. 2012) (correcting the case caption to replace the public official with the governing agency in an ADA case).[4]

---

[4] The Seventh Circuit Court of Appeals explained as follows:

> Jaros has named the Illinois Department of Corrections as a defendant in the caption—but not the body—of his complaint. The district court reasoned that the omission from the body means that the agency is not a defendant. Yet this is the sort of pleading gaffe that, ordinarily, district courts should give pro se plaintiffs a chance to correct by amendment. And more importantly here, the court's conclusion is incorrect, since Jaros also named the Director of the Department of Corrections as a defendant in both the title and body of the complaint. The Director (she has since been replaced) is named in her official capacity, and thus the suit is against the agency. We have altered the caption accordingly.

*Jaros*, 684 F.3d at 670 n.2 (7th Cir. 2012) (internal citations omitted).

**III.    DISCUSSION**

In this Section 1983 and Title II of ADA action, Defendants seek dismissal of Mayor Tucker in both her official and individual capacities. Defendants also seek dismissal of FWPD. Each of these issues will be addressed, starting with the claims against Mayor Tucker and then proceeding to the claims against FWPD.

<u>*a. Official Capacity Claims Against Mayor Tucker*</u>[5]

Plaintiffs aver that their Section 1983 official-capacity claim against Mayor Tucker must persist but they fail to provide any case law suggesting that the official capacity claims are entitled to stand despite Plaintiffs also including the City of Fort Wayne in this suit. In contrast, Defendants have provided case law supporting their argument that these Section 1983 claims are redundant. *See Ball*, 28 F. Supp. 3d at 802 (dismissing a Section 1983 claim against a mayor in Indiana given the claim was duplicative of the claim against the city).

The Supreme Court has made clear that Section 1983 official-capacity suits—directed toward an agent of a governmental entity—are against that entity, and not the agent. *See Graham*, 473 U.S. at 165. District courts in this circuit have interpreted that governing case law to mean that a municipality's agent is not the appropriate defendant where the municipality is also included in the complaint. *See e.g., City of Chicago*, 1993 WL 112555, at *4, n.1; *Ball*, 28 F. Supp. 3d at 802. Plaintiffs include the City of Fort Wayne and Mayor Tucker as defendants, asserting virtually the same claims against each defendant under Section 1983. (*See* ECF 15 ¶¶ 39-54 ("This claim is brought pursuant to 42 U.S.C. §1983 against the City of Fort Wayne and

---

[5] It is unclear whether Plaintiffs are asserting an official or personal claim against Mayor Tucker under the ADA. Plaintiffs claim that "Defendants Tucker and City failed to train, supervise, and or discipline FWPD officers . . . ." (ECF 15 ¶ 58). However, to the extent that Plaintiffs assert an official capacity claim against Mayor Tucker under the ADA, it fails, given binding caselaw from the Seventh Circuit Court of Appeals. Under the ADA, a duplicative claim against a public official and the governing entity are treated as one against the entity, itself. *See Jaros*, 684 F.3d at 670 n.2. Here, both Mayor Tucker and City of Fort Wayne are listed in the amended complaint as defendants—with duplicative claims (*see* ECF 15 ¶ 58)—and as such, an official capacity suit against Mayor Tucker is not appropriate in this cause of action. Mayor Tucker will be dismissed with prejudice.

Tucker individually and as Mayor . . . ."). Accordingly, because the City of Fort Wayne is the real party in interest here, the official-capacity claim against Mayor Tucker will be dismissed as duplicative of the claim against the City of Fort Wayne. *See Ball*, 28 F. Supp. 3d at 802.

<u>*b. Individual Capacity Claims Against Mayor Tucker*</u>

Plaintiffs claim that Mayor Tucker should be held personally liable under Section 1983 "to redress the deprivation under color of state law of Wyatt Beckler's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution." (ECF 15 ¶ 40). Plaintiffs also assert City of Fort Wayne maintained policies, customs, or practices that violated Section 1983, ostensibly justifying Plaintiffs' requested relief. (*Id*. ¶¶ 43-49). However, the amended complaint does not appear to mention conduct by Mayor Tucker "causing the [alleged] constitutional deprivation . . . at [her] direction or with [her] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citation and quotation marks omitted). Moreover, the amended complaint fails to assert that Mayor Tucker "kn[ew] about the conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye . . . ." (*Id.* (citation omitted)). "A defendant will not be [personally] liable for a constitutional violation under § 1983 if the defendant . . . failed to participate in any violation of the plaintiff's rights." *Kelly*, 97 F.3d at 909. "In order for a defendant to be held [personally] liable under § 1983, the plaintiff must establish that the defendant was personally involved or acquiesced in the alleged constitutional violation." *Id*. (citing *Gentry*, 65 F.3d at 561).

Plaintiffs argue that they have satisfied this requirement, by asserting Mayor Tucker failed to "train, supervise, and or discipline FWPD officers . . . [to] recognize symptoms of disability under Title II of the [ADA]; from excluding qualified individuals such as Wyatt Beckler from participation in or denial of benefits of services provided by Defendants;" and committing other discrimination under the ADA. (ECF 15 ¶ 58; *see* ECF 33 at 2-3). Yet, these accusations are articulated under, and relate to, Plaintiffs' ADA claim—not their Section 1983

claim. (*See* ECF 15 ¶¶ 55-63). Assuming arguendo these averments were stated in conjunction with Plaintiffs' Section 1983 claim, they still fail because the amended complaint does not assert how Mayor Tucker was "personally involved or acquiesced in the alleged constitutional violation." *Kelly*, 97 F.3d at 909; *see Ashcroft*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (citation omitted)). Bolstering the Court's reasoning, Defendants state that Mayor Tucker was not the mayor during the incidents mentioned in Plaintiffs' amended complaint, and as such, it appears nonsensical to include Mayor Tucker as a personal defendant in this claim. (*See* ECF 21 at 4-5).[6] Plaintiffs respond that this temporal issue does not frustrate their ADA personal liability claim against Mayor Tucker because she "continues to use policies, procedures, and training for the [FWPD] which do not accommodate the needs of disabled persons such as Decedent Wyatt B[e]ckler." (ECF 33 at 3). Perhaps this is true, but that claim is besides the issue here.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (citation and quotation marks omitted).[7] "A claim is facially plausible if the plaintiff has pled

---

[6] "The courts . . . have crafted a narrow exception to . . . permit a district court to take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997) (collecting cases). Defendants request that the Court take judicial notice that Mayor Turner was sworn as the mayor of the City of Fort Wayne on April 23, 2024. (*See* ECF 21 at 5 n.1). Accordingly, the Court takes judicial notice that Mayor Tucker was sworn in as the mayor of the City of Fort Wayne on April 23, 2024. *See SHARON TUCKER SWORN IN AS NEW MAYOR OF THE CITY OF FORT WAYNE*, (April 23, 2024), https://www.cityoffortwayne.org/latest-news/5706-sharon-tucker-sworn-in-as-new-mayor-of-the-city-of-fort-wayne.html.

[7] Plaintiffs' argument regarding Mayor Tucker's continuing violation of the ADA is not stated in the amended complaint. However, because this claim does not conflict with their claims in the amended complaint, the Court will consider these assertions in its ruling. *See Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) ("[A] plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment." (citation omitted); *see also Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) ("[F]acts alleged by a plaintiff in a brief in opposition to a motion to dismiss may be considered when evaluating the sufficiency of a complaint so long as they are consistent of the allegations in the complaint." (citations and quotation marks omitted)).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burlet v. Baldwin*, 452 F. Supp. 3d 801, 807 (N.D. Ill. 2020) (citation and quotation marks omitted). As previously stated, Plaintiffs' assertions as to Mayor Tucker's personal liability are stated under, and relate to, their ADA claim, and not their Section 1983 claim. (*See* ECF 15 ¶¶ 55-63 (averring claims of disability discrimination); *see also* ECF 33 at 2-3). Therefore, these allegations are not plausible on their face as it pertains to Mayor Tucker's personal liability under Section 1983. *See Ashcroft*, 556 U.S. at 678. Accordingly, the Section 1983 personal liability claim against Mayor Tucker will be dismissed with prejudice.

For statutory reasons, the personal liability allegations against Mayor Tucker under the ADA will also be dismissed. The Seventh Circuit Court of Appeals has ruled that an "ADA claim[] against individual defendants in their individual capacity [will] fail because the Act authorizes suits only against public entities . . . ." *Brewer*, 270 F. App'x 418, 421 (citing 42 U.S.C. §§ 12131–12133); *see Georgia*, 546 U.S. at 154. Unlike Section 1983, Title II of the ADA precludes suits against public officials in their personal capacity. *See Georgia*, 546 U.S. at 154 ("Title II [of the ADA] authorizes suits by private citizens for money damages against *public entities* that violate § 12132." (emphasis added) (citing 42 U.S.C. § 12133). Mayor Tucker is not a public entity, but rather, a natural person. Therefore, the Title II ADA personal liability claim against Mayor Tucker will be dismissed with prejudice.

<u>c. Claims Against FWPD</u>

Plaintiffs assert in their amended complaint that FWPD is liable to them under Section 1983 and Title II of the ADA. (*See generally* ECF 15 ¶¶ 39-65). Defendants assert that the City of Fort Wayne is the proper defendant—not FWPD. (*See* ECF 21 at 6-7). The Court agrees with Defendants as to the Section 1983 claim. Seventh Circuit precedent elucidates that an Indiana municipal police department cannot be sued because it is not a local government entity according to state law in Indiana. *See Sow*, 636 F.3d at 300 (reasoning that Indiana municipal police

departments are not suable entities under Section 1983).[8] The answer as to whether a plaintiff can sue a municipal police department under Title II of the ADA does not appear to be as clear-cut in this circuit.[9] However, Plaintiffs have agreed to dismiss FWPD wholesale from this lawsuit because it is "not a separate entity subject to suit." (ECF 33 at 4). Accordingly, FWPD will be dismissed from this suit with prejudice.

## IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss (ECF 20) in that:

- Plaintiffs' Section 1983 claims against Defendant Sharon Tucker, in her personal and official capacity, are DISMISSED without leave to amend;

- TO THE EXTENT THAT Plaintiffs assert ADA claims against Defendant Sharon Tucker, in either her personal or official capacity, they are DISMISSED without leave to amend; and

- Plaintiffs' Section 1983 and ADA claims against Defendant Fort Wayne Police Department are DISMISSED without leave to amend.

---

[8] "The United States Supreme Court has instructed that local government liability under § 1983 'is dependent on an analysis of state law.'" *Sow*, 636 F.3d at 300 (quoting *McMillian*, 520 U.S. at 786).

[9] Whether Plaintiffs can file a Title II ADA claim against the FWPD does not appear to have been clarified by the Seventh Circuit Court of Appeals, though other federal courts' rulings have either implied a municipal police department could possibly be sued or have directly ruled in the affirmative. *Cf Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) ("State prisons fall squarely within the statutory definition of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" (citing § 12131(1)(B)); *see Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998) ("A local police department falls squarely within the statutory definition of public entity, just like a state prison." (internal citation and quotation marks omitted) (relying on *Yeskey*, 524 U.S. 206)); *see also Haberle v. Troxell*, 885 F.3d 170, 179–80 (3d Cir. 2018) ("The text of the ADA is deliberately broad and police departments fall[ ] squarely within the statutory definition of a public entity." (quotation marks omitted) (referencing *Gorman*)); *Powell v. Borough of Bergenfield*, No. 23CV21399 (EP) (JRA), 2025 WL 798810, at *2 (D.N.J. Mar. 13, 2025) ("It is true that police departments are arms of municipalities and lack a separate legal existence . . . . However . . . . [p]olice departments may be sued under the ADA." (citations omitted) (relying on *Haberle*)).

The Clerk is to show that Defendant Sharon Tucker and Defendant Fort Wayne Police Department are DISMISSED from this case.

SO ORDERED.

Entered this 6th day of May 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge